IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JOSE A. ROSARIO RODRIGUEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 21-cv-0411-LKG |
| v. | ) | |
| | ) | Dated:  August 8, 2022 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

I.     **INTRODUCTION**

Plaintiff, Jose A. Rosario Rodriguez, brings this medical malpractice action against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 and 1346 (the "FTCA").  *See generally* Am. Compl., ECF No. 21.  The Government has moved to dismiss this matter for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1).  *See* Def. 1st Mot., ECF No. 20; Def. 2nd Mot., ECF No. 23.  These motions are fully briefed.  *See generally* Pl. Resp., ECF No. 24; Def. Reply, ECF No. 25.  No hearing is necessary to resolve the motions. *See* L.R. 105.6 (D. Md. 2021).  For the reasons that follow, the Court **DENIES** the Government's motions to dismiss.

II.    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

A.     **Factual Background**

Plaintiff, Jose A. Rosario Rodriguez, brings this FTCA medical malpractice action against the United States related to medical treatment that he received at the Walter Reed

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the amended complaint ("Am. Compl."); the Government's motions to dismiss ("Def. 1st Mot." and "Def. 2nd Mot."), and memoranda in support thereof ("Def. 1st Mem." and "Def. 2nd Mem."); plaintiff's responses to the Government's motions to dismiss ("Pl. 1st Resp." and "Pl. 2nd Resp."); and the Government's reply brief ("Def. Reply").

National Military Medical Center ("Walter Reed").  *See generally* Am. Compl.  As relief, plaintiff seeks to recover monetary damages from the Government.  *Id.* at Prayer for Relief.

As background, plaintiff is a resident of Virginia and a military retiree.  *See id.* at ¶¶ 1, 7. Plaintiff alleges in the amended complaint that he has suffered from plantar wart clusters on his right foot for several years.  *Id.* at ¶ 7.  To alleviate this condition, plaintiff sought medical treatment to remove the wart clusters at Walter Reed on February 27, 2018.  *Id.* at ¶¶ 7-8.

Plaintiff alleges that he experienced "excruciating" pain after receiving this medical procedure.  *Id.* at ¶ 10.  And so, he was referred by the medical staff at Walter Reed to Dr. Mukesh Bhakta three days after the medical procedure.  *Id.* at ¶¶ 10-14.

On March 2, 2018, Dr. Bhakta elected to drain the blister on plaintiff's right foot.  *Id.* at ¶ 17.  Thereafter, plaintiff saw Dr. Bhakta for follow up appointments on March 16, 2018, and April 6, 2018.  *Id.* at ¶ 25.  Plaintiff was again treated by Dr. Bhakta on July 20, 2018; March 4, 2019; and November 20, 2019.  *Id.* at ¶¶ 25-26; *see also* Def. 2nd Mem. at 2.  Dr. Bhakta provided a summary of plaintiff's condition in 2019, which included ongoing pain that required some offloading.  Am. Compl. at ¶ 26.

On February 11, 2020, plaintiff filed an administrative claim with the Department of the Navy (the "Navy") related to his medical treatment at Walter Reed.  S*ee* Def. 2nd Mem. at 2, ECF No. 23-1; *see also* Def. 2nd Mot. Ex. 1 (Standard Form 95).  The Navy denied plaintiff's claim on or about September 3, 2020.  *See* Def. 2nd Mem. at 2-3; *see also* Def. 2nd Mot. Ex. 2 ("Final Denial").

Plaintiff commenced this matter on February 18, 2021.  *See generally* Compl., ECF No. 1.  On May 10, 2021, plaintiff filed a claim form, a statement of claim, and a certificate of qualified expert and report signed by Dr. Bhakta with the Director of the Maryland Health Claims Alternative Dispute Resolution Office (the "HCADRO").  *See* Def. 2nd Mem. at 3; *see also* Pl. Suppl. Resp. at 14, ECF No. 18-1.  It is undisputed that plaintiff's statement of claim and certificate of qualified expert were filed with the HCADRO after the six-month statutory deadline in this case for bringing an action under the FTCA.  *See* Def. 2nd Mem. at 3; Pl. Resp. at 3; *see also* 28 U.S.C. § 2401(b).

## B.     Procedural Background

Plaintiff commenced this action on February 18, 2021, and he amended the complaint on November 2, 2021.  *See generally* Compl.; Am. Compl.  The Government initially moved to dismiss this matter for lack of subject-matter jurisdiction on October 26, 2021.  *See generally* Def. 1st Mot.; Def. 1st Mem., ECF No. 20-1.  After plaintiff amended the complaint, the Government filed a renewed motion to dismiss this matter for lack of subject-matter jurisdiction on November 16, 2021.  *See generally* Def. 2nd Mot.; Def. 2nd Mem.

Plaintiff filed a response in opposition to the Government's motions to dismiss on November 18, 2021.  *See generally* Pl. Resp.  The Government filed a reply in support of its renewed motion to dismiss on December 2, 2021.  *See generally* Def. Reply.

The Government's motions to dismiss having been fully briefed, the Court resolves the pending motions.

## III.    LEGAL STANDARDS

### A.     Fed. R. Civ. P. 12(b)(1)

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005).  The United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).  And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).  Given this, deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the

proceeding to one for summary judgment." *Id.* (citation omitted).  And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," the Court should grant a motion to dismiss for lack of subject-matter jurisdiction.  *Davis*, 367 F. Supp. 2d at 799 (citation omitted).

### B.      FTCA Claims

The Federal Tort Claims Act waives "the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment." *Brownback v. King,* 141 S. Ct. 740, 746 (2021) (quoting *FDIC v. Meyer*, 510 U.S. 471, 475-76 (1994) (internal quotation marks omitted)).  Pursuant to the FTCA, the United States district courts have jurisdiction, with certain exceptions, over claims for money damages resulting from "the negligent or wrongful act or omission of any employee of the [g]overnment while acting within the scope of his office or employment," so long as "a private person[] would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1); *see also Jackson v. United States*, 77 F. Supp. 2d 709, 712 (D. Md. 1999) ("Under the [FTCA], the United States will be liable for acts or omissions of its agents that are tortious under the law of the place where the act or omission occurred.").

To bring a cognizable claim under the FTCA, a plaintiff must show that his claim is:  [1] against the United States, [2] for money damages, . . . [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.  *See Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)) (brackets existing).  This Court applies Maryland law when considering a FTCA claim based upon events that occurred in Maryland.  *See Unus v. Kane*, 565 F.3d 103, 117 (4th Cir. 2009) (holding that the FTCA "does not itself provide for a substantive cause of action[,]" but rather requires courts to "apply the substantive law of the state where the alleged tort took place"); *see also Coleman v. United States*, 369 F. App'x 459, 461 (4th Cir. 2010) ("Since the incident in question occurred in Maryland, then Maryland substantive law applies.").

When "FTCA claims relate to allegedly deficient health care, Maryland law requires that [a plaintiff must] comply with the requirements of the Maryland Health Care Malpractice Claims

Act (the "HCMCA"), which establishes the state procedure for medical malpractice actions." *Gambino v. Hershberger*, No. 17-1701, 2019 WL 1300856, at \*8 (D. Md. Mar. 20, 2019) (citations omitted).  The HCMCA provides that before filing a medical malpractice tort claim "against a health care provider for . . . medical injury," a plaintiff must submit the claim within 90 days to the Maryland Health Care Alternative Dispute Resolution Office to undergo arbitration.  *See* Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-04(a)(1)(i), (b)(1)(i).  The plaintiff must submit with the claim "a certificate of a qualified expert . . . attesting to departure from standards of care, and that the departure from standards of care is the proximate cause of the alleged injury."  *See id.* at § 3-2A-04(b)(1)(i).  And so, this Court has held that compliance with the HCMCA's requirements "is a condition precedent to bringing a medical malpractice lawsuit." *Willever v. United States*, 775 F. Supp. 2d 771, 777, 785 (D. Md. 2011); *see also Davison v. Sinai Hosp. of Balt., Inc.*, 617 F.2d 361, 362 (4th Cir. 1980) (affirming district court's dismissal of action on the ground that the HCMCA requires medical malpractice claims to be presented to arbitration as a condition precedent to the commencement of a civil action in federal court).

But, recently, the United States Court of Appeals for the Fourth Circuit has held that a prisoner suing for medical malpractice under the FTCA and *Bivens* was not required to comply with a requirement under West Virginia law that medical malpractice plaintiffs obtain a "screening certificate of merit" before filing suit.  *Pledger v. Lynch*, 5 F.4th 511, 518 (4th Cir. 2021) (en banc rehearing denied).  The West Virginia law at issue in *Pledger* requires that "would-be medical malpractice plaintiffs must serve on each putative defendant, at least thirty days prior to filing suit, . . . a 'screening certificate of merit' from a health care provider who qualifies as an expert under state law.*"  Id*. at 518 (citations omitted).  After applying the "well-established, twostep framework for mediating any potential conflict" between West Virginia law and the Federal Rules of Civil Procedure, the Fourth Circuit determined that various Federal Rules of Civil Procedure, including Fed. R. Civ. P. 8, 11 and 12, are sufficiently broad to answer whether a medical malpractice plaintiff in federal court must present an expert certificate "to state a claim for medical negligence[.]"  *Pledger*, 5 F.4th at 519.  Because the Fourth Circuit concluded that the West Virginia pre-filing certificate requirement is inconsistent and "'impossible to reconcile'" with these provisions of the Federal Rules, the Fourth Circuit held that West Virginia's expert certificate requirement "cannot apply" in federal court.  *Id.* at 520.

And so, the Fourth Circuit concluded that failure to comply with such a pre-suit certification requirement is not grounds for dismissal of a complaint filed pursuant to the FTCA.  *Id.* at 518.

This Court has subsequently considered how *Pledger* would apply to the HCMCA's pre-suit filing requirements when FTCA claims are brought in this District on at least two occasions. In *DeBlois v. Corizon Health, Inc.*, this Court observed that, like the West Virginia law at issue in *Pledger*, the HCMCA requires plaintiffs to have expert evidence to state a medical malpractice claim.  *DeBlois v. Corizon Health, Inc.*, No. 20-1816, 2021 WL 3142003, at *21 (D. Md. July 23, 2021).  And so, the Court concluded that "[a]t a minimum, . . . *Pledger* appears to instruct that [the plaintiff's FTCA] suit cannot be dismissed for failure to comply with the prefiling certificate requirements in the HCMCA."  *Id.*  The Court similarly held that failure to comply with the HCMCA cannot serve as grounds for dismissing a malpractice plaintiff's FTCA claim in *Severe v. United States*.  *Severe v. United States*, No. 20-3404, 2021 WL 4521345, at *16 (D. Md. Oct. 1, 2021)

## IV.   ANALYSIS

The Government has moved to dismiss this FTCA action, pursuant to Fed. R. Civ. P. 12(b)(1), upon the grounds that plaintiff failed to comply with the HCMCA's pre-certification requirement before commencing this case and the statute of limitations for plaintiff's FTCA claim expired before plaintiff satisfied that requirement on May 10, 2021.  *See* Def. 1st Mem. at 5-7; Def. 2nd Mem. at 5-7.

Plaintiff counters that dismissal of his FTCA claim is not appropriate, in light of the Fourth Circuit's decision in *Pledger v. Lynch*.  *See* Pl. 1st Resp. at 3-6; Pl. 2nd Resp. at 3-6. And so, he requests that the Court deny the Government's motions to dismiss.  *See* Pl. 1st Resp. at 11; Pl. 2nd Resp. at 1.

For the reasons that follow, the Court agrees with plaintiff that dismissal of this FTCA case, due to his initial failure to comply with the HCMCA's pre-suit certificate requirements, is not appropriate.  And so, the Court **DENIES** the Government's motions to dismiss.

### A.   Dismissal Of This FTCA Action Is Not Warranted

The Government argues without persuasion that the Court should dismiss this FTCA matter, because plaintiff failed to comply with the Maryland Health Care Malpractice Claims Act

prior to commencing this case. *See* Def. 1st Mem. at 5-7; Def. 2nd Mem. at 5-7. As the Government correctly observes, Maryland law applies to plaintiff's medical malpractice claim and the HCMCA requires, among other things, that plaintiff submit this claim—and a certificate of qualified expert—to the Maryland Health Care Alternative Dispute Resolution Office before bringing a tort action. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-04(a)(1)(i), (b)(1)(i). For this reason, this Court has previously held that compliance with the HCMCA's pre-suit certificate requirement "is a condition precedent to bringing a medical malpractice lawsuit." *Willever*, 775 F. Supp. 2d at 777, 785.

But, the Fourth Circuit has recently held in *Pledger v. Lynch* that a prisoner suing for medical malpractice under the FTCA and *Bivens* was not required to comply with a similar requirement under West Virginia law that medical malpractice plaintiffs obtain a "screening certificate of merit" before filing suit. *Pledger*, 5 F.4th at 518. Specifically, the Fourth Circuit applied the "well-established, twostep framework for mediating any potential conflict" between the West Virginia law at issue in that case and the Federal Rules of Civil Procedure, and determined that various Federal Rules—including Fed. R. Civ. P. 8, 11 and 12—are sufficiently broad to answer whether a medical malpractice plaintiff in federal court must present an expert certificate "to state a claim for medical negligence[.]" *See id.* at 520. Given this, the Fourth Circuit concluded that West Virginia's pre-filing certificate requirement is inconsistent and "'impossible to reconcile'" with these provisions of the Federal Rules. *Id*. And so, the Fourth Circuit concluded that West Virginia's expert certificate requirement "cannot apply" in federal court and that failure to comply with such a pre-suit certification requirement is not grounds for dismissal of a complaint filed pursuant to the FTCA. *Id.* at 518.

A similar result is appropriate in this FTCA case. Like the West Virginia law that the Fourth Circuit found to be inconsistent with the Federal Rules of Civil Procedure in *Pledger*, the HCMCA requires that a malpractice plaintiff submit a certificate from a qualified expert to the Maryland Health Care Alternative Dispute Resolution Office before bringing a tort action. Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-04(a)(1)(i), (b)(1)(i). Indeed, as the Fourth Circuit observed in *Pledger,* about "half of all states similarly demand that medical malpractice plaintiffs secure some sort of early support from a qualifying expert." *Pledger*, 5 F.4th at 518. As the Fourth Circuit explained in *Pledger*, various Federal Rules, including Fed. R. Civ. P. 12, are sufficiently broad to answer whether a medical malpractice plaintiff in federal court must present

an expert certificate to state a plausible claim for medical negligence.  *See id.* at 520.  In particular, Rule 12(b)(6) provides the applicable standards governing whether plaintiff states a plausible medical malpractice claim against the Government in this case.  *See* Fed. R. Civ. P. 12(b)(6).

Because the HCMCA's pre-suit certification requirement is inconsistent with Rule12(b)(6), this requirement cannot apply to FTCA claims brought in this Court.  *See Pledger*, 5 F.4th at 520; *see also DeBlois v. Corizon Health*, 2021 WL 3142003, at *21 (observing that, "[a]t a minimum, . . . *Pledger* appears to instruct that [the plaintiff's FTCA] suit cannot be dismissed for failure to comply with the prefiling certificate requirements in the HCMCA."; *Severe v. United States*, 2021 WL 4521345, at *16  (holding that the HCMCA cannot serve as grounds for dismissing a malpractice plaintiff's FTCA claim)  And so, the Court agrees with plaintiff that his initial failure to comply with the HCMCA's pre-suit certification requirement is not grounds for dismissing his FTCA claim.[2]  *See* Pl. 1st Resp. at 11; Pl. 2nd Resp. at 1**.**

Because there is no dispute in this case that plaintiff's FTCA claim was timely when he commenced this action on February 18, 2021, the Court also declines to dismiss this matter as time-barred under the FTCA's statute of limitations.  *See* Def. 2nd Mem. at 10 (acknowledging that plaintiff had until March 3, 2021, to file his FTCA claim).  And so, for these reasons, the Court DENIES the Government's motions to dismiss.

## V.     CONCLUSION

In sum, plaintiff's initial failure to comply with the HCMCA's pre-suit certificate requirement is not an appropriate ground for dismissing this FTCA action.  And so, for the reasons stated above, the Court **DENIES** the Government's motions to dismiss.

---

[2] The Government argues that *Pledger* is factually distinguishable from this case and that *Pledger* did not overrule *Davison v. Sinai Hosp. of Balt., Inc.*, 617 F.2d 361 (4th Cir. 1980).  Def. 2nd Mem at  7-10.  The Court agrees with the Government that the Fourth Circuit did not explicitly overrule *Davison* in *Pledger*. But, as this Court has previously observed, the Fourth Circuit "[n]onetheless, . . . revealed something of its view [of *Davison*] by explaining that "*Davison* 'simply adopt[ed]' a district court ruling 'without discussion.'"  *DeBlois*, 2021 WL 3142003, at *22 (quoting *Pledger*, 5 F.4th at 523).

The Government shall **ANSWER** or otherwise respond to the complaint **on or before September 30, 2022**.

      **IT IS SO ORDERED.**


                    s/Lydia Kay Griggsby
                    LYDIA KAY GRIGGSBY
                    United States District Judge